# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| DANIEL V. MERRY, | ) | 3:16-cv-164-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| BRIAN SANDOVAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff filed his application for leave to proceed in forma pauperis and complaint on March 21, 2016. (ECF Nos. 1, 1-1.) The court screened the pro se complaint pursuant to 28 U.S.C. § 1915A on September 28, 2016. (ECF No. 3.) The original complaint alleged that on July 22, 2012, Plaintiff fell from a top bunk at NNCC and injured his neck, which he claims caused him to suffer severe cervical compression and he was referred to a neurosurgical group. (ECF No. 1-1 at 3.) He underwent four cervical spine surgeries, which he contends were made necessary as a result of a delay from the time of his injury and time of surgical treatment. (*Id*. at 6.) He asserted violations of his Eighth and Fourteenth Amendment rights against various defendants. The court dismissed the claims with leave to amend, with the exception of his State law professional negligence claim, which was dismissed with prejudice. (*Id*. at 7.)

Plaintiff filed an amended complaint on November 22, 2016 (ECF No. 7), along with a motion for temporary restraining order and preliminary injunction (ECF Nos. 8, 9), a motion for appointment of counsel (ECF No. 10), and a motion for service of process of the amended complaint (ECF No. 11). On August 30, 2017, attorney Dan M. Winder filed a notice of appearance on behalf of Plaintiff. (ECF No. 12.) The court entered a minute order denying the motion for appoint of counsel as moot in

light of the appearance by Mr. Winder. (ECF No. 14.)

The court will issue a separate order setting this matter for a status conference. At that time, the court will address Plaintiff's first amended complaint. Specifically, the court will inquire of counsel whether Plaintiff intends to proceed with the first amended complaint or file an amended pleading. The court will also address with Plaintiff's counsel the pending motions for temporary restraining order and preliminary injunction, and whether Plaintiff intends to proceed with those motions.

The general rule under 28 U.S.C. § 1915A is that "[t]he court shall review … a complaint in a civil action in which a prisoner seeks redress from the governmental entity or officer or employee of a governmental entity" and "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint" if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or … seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b).

Section 1915A does not expressly differentiate between represented and unrepresented prisoner cases with regard to screening, and there is no authority addressing this issue. This court typically does not screen section 1983 prisoner cases where the plaintiff is represented by counsel. For one thing, the pleading obligations of an attorney under Federal Rule of Civil Procedure 11 tend to substantially reduce the incidence of claims that are frivolous or otherwise patently noncognizable on their face. Pro se litigants are not attorneys and should not be expected to know how to draft pleadings as if they were. Judicial screening of prisoner complaints serves to prevent prisoner complaints which are truly difficult, if not impossible to understand, from being served upon defendants. Screening of represented cases to decipher the allegations and claims is usually unnecessary. *See, e.g., Nordstrom v. Ryan*, 762 F.3d 903, 907 n. 1 (9th Cir. 2014) (noting that the "purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding"); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision was intended to "conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage"). As such, the court will not further screen complaints in this counseled prisoner case.

/ / /

/ / /

1       Before the status conference, Plaintiff's counsel may file an amended pleading, as he sees fit,

2 withdraw any of the pending motions, or file a notice advising the court whether or how he intends to

3 proceed with the first amended complaint and any pending motions.

4       The application to proceed in forma pauperis will be deferred until after the parties complete the

5 early mediation conference process.

6       The motion for service of the first amended complaint (ECF No. 11) is **DENIED WITHOUT**

7 **PREJUDICE**. A request for service of the operative pleading may be entertained after the early

8 mediation conference is completed, if necessary.

9       **IT IS SO ORDERED.**

10       DATED:  August 30, 2017.

11

12                             WILLIAM G. COBB
                            UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28