UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL V. MERRY,

                    Plaintiff,

v.

BRIAN SANDOVAL, *et al.*,

                    Defendants.

Case No. 3:16-cv-00164-MMD-WGC

**ORDER**

Plaintiff has filed a motion titled: "Order to Show Cause For an Preliminary Injunction & A Temporary Restraining Order." (ECF Nos. 8, 9.)[1] He seeks an order enjoining defendants from delaying or denying the recommendations and orders of Dr. Jacob Blake on August 2, 2016 that he receive 50mg of Methadone, three times a day, for neck injuries and disorders. (*Id*. at 1.) He also asks for an order to allow him to be placed into the "big unit" for inmates with chronic care needs housed in general population, and that he be provided with his prescribed therapy. (*Id*. at 1-2.) He attaches a medical record from Dr. Blake from July 15, 2016, when he was seen for a follow up regarding chronic neck pain symptoms. (*Id*. at 3-6.) Dr. Blake's assessment that date said Plaintiff was to follow up in six to eight weeks, and that it was oaky for Plaintiff to continue with Methadone in the amount of 50mg TID. (*Id*. at 5-6.)

Rule 65 of the Federal Rules of Civil Procedure provide that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic

---

[1] Because the motion was for both a preliminary injunction and temporary restraining order, it was docketed as two separate motions by the Clerk's office.

remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

In this motion, Plaintiff does not address whether he is likely to succeed on the merits, whether he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities or the public interest. Having failed to satisfy the prerequisites for injunctive relief, his motion is denied without prejudice. He may renew his request for injunctive relief, if deemed appropriate, with a properly supported motion that addresses the factors discussed above.

## **CONCLUSION**

Plaintiff's motions (ECF Nos. 8, 9) are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: September 13, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE