UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL V. MERRY,              )  3:16-cv-00164-MMD-WGC
        Plaintiff,            )
    vs.                            )  **ORDER**
BRIAN SANDOVAL, *et al.*,     )  Re: ECF No. 1
        Defendants.           )
_____)

    Before the court is Plaintiff's Application to Proceed in Forma Pauperis (IFP). (ECF No. 1.)

    A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

    In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

    "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331,

339 (1948).

When a prisoner seeks to proceed without prepaying the filing fee:

> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff's certified account statement indicates that his average monthly balance is $139.67, and his average monthly deposits are $360.00.

Plaintiff's application to proceed IFP is **GRANTED**; however, he is required to pay an initial partial filing fee in the amount of $72.00 (20 percent of $360). Thereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the full $350 filing fee is paid. This is required even if the action is dismissed, or is otherwise unsuccessful. The Clerk shall **SEND** a copy of this Order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons**, P.O. Box 7011, Carson City, NV 89702, and to the Finance Division of the Clerk's Office.

Within **twenty-one days** of the date of this Order, the Nevada Attorney General's Office shall file a notice advising the court and Plaintiff of: (a) the names of the defendants for whom it accepts service; and (b) the names of the defendants for whom it does not accept service. For those defendant(s) for whom service will not be accepted, the Attorney General's Office shall file the last known address

under seal, but shall not serve Plaintiff with the last known address(es). If the last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address.

If service cannot be accepted for any of the named defendants, Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons and specifying a full name and address for the defendant(s).

If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the Second Amended Complaint within **sixty days** from the date of this Order.

Plaintiff shall have **ninety days** from the date of this Order to effectuate service. If Plaintiff should require additional time to meet deadlines set by this court, he must file a motion for an extension of time in accordance with Local Rule 26-4. If he requires an extension of time to effectuate service, the motion must be supported by good cause and shall be filed *before* the expiration of the ninety-day period.

DATED: December 18, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE