# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL V. MERRY, | 3:16-cv-00164-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | Re: ECF No. 70 |
| KAREN GEDNEY, *et al.*, | |
| Defendants. | |

Before the court is Plaintiff's "Motion Requesting Appointment of Counsel Due to Counsel Dan M. Winder's Motion to Withdraw as Counsel and Remove Counsel from Service List and Proposed Order" (ECF No. 70). There appear to be three (3) components of Plaintiff's motion: (1) request for the appointment of counsel, (2) request for removal of the Law Office of Dan M. Winder, P.C., Dan M. Winder, Esq., Scott C. Dorman, Esq., and Kristina Miletovic, Esq. from the court's service list, and (3) request that the time to respond to the pending motion for summary judgment (ECF No. 58) be extended 45 days. (*Id*. at 1, 2.)

**A.    Plaintiff's Motion Requesting Appointment of Counsel**

Plaintiff moves for the appointment of counsel "for the reason of trial setting or possible reasonable settlement offer from the state, instead of the obsurd (sic) offer(s)." (ECF No. 70 at 3.)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request

under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Prior to Dan M. Winder, Esq., appearing in his case, Plaintiff had shown an ability to articulate his claims. (ECF Nos. 1,5, 7, 8, 9, 10, 11.) Plaintiff has not adequately addressed the factor whether he will likely succeed in the prosecution of his civil rights action.

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claims involved in this action are not unduly complex. Plaintiff's Second Amended Complaint alleges Eighth Amendment medical deliberate indifference claims pertaining to Defendants. (ECF No. 32 at 5-7.) Specifically, Plaintiff alleges Defendant Irvin wrongfully assigned him to a top bunk in custody, causing him to fall and suffer a neck injury. (*Id.* at 5.) Plaintiff further alleges Dr. Gedney, Dr. Johnsl, and Dr. Mar delayed and denied his demand for medical treatment for the alleged neck injury, causing him "permanent and incurable" injuries. (*Id.* at 6-7.) These claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.

While any *pro se* inmate such as Mr. Merry would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed.

*Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

The court does not have the power "to make coercive appointments of counsel." *Mallard v. U. S. Dist. Ct.*, 490 US 296, 310 (1989). Thus, the court can appoint counsel only under exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) [cert den 130 S.Ct. 1282 (2010)]. Plaintiff has not shown that the exceptional circumstances necessary for appointment of counsel are present in this case.

In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 70).

**B.     Plaintiff's request regarding removal of the Law Office of Dan M. Winder, P.C., Dan M. Winder, Esq., Scott C. Dorman, Esq., and Kristina Miletovic, Esq. from service list**

On November 26, 2018, the Law Office of Dan M. Winder, P.C., Dan M. Winder, Esq., Scott C. Dorman, Esq., and Kristina Miletovic, Esq., filed their motion to withdraw as counsel. (ECF No. 62). On November 27, 2018, Defendants filed their non-opposition to the motion to withdraw. (ECF No. 65.) No opposition or response to the motion to withdraw as counsel was received or filed by Plaintiff. On December 18, 2018, the court granted the motion of the Law Office of Dan M. Winder, P.C., Dan M. Winder, Esq., Scott C. Dorman, Esq., and Kristina Miletovic, Esq., to withdraw as counsel for Plaintiff. (ECF No. 67.) At that time, counsel were removed from the court's service list. Therefore, that component of Plaintiff's motion (ECF No. 70) is **DENIED** as moot.

**C.     Plaintiff's request for an extension of time of 45 days to respond to Defendants' Motion for Summary Judgment (ECF No. 58)**

Plaintiff requests the time to respond to the pending motion for summary judgment "be extended to 45 days after the order granting their withdrawal is filed." (ECF No. 70 at 2.) As stated above, the court granted the motion the motion of the Law Office of Dan M. Winder, P.C., Dan M. Winder, Esq., Scott C. Dorman, Esq., and Kristina Miletovic, Esq., to withdraw as counsel for Plaintiff on

December 18, 2018. (ECF No. 67.) Forty-five (45) days after the date the court granted the motion to withdraw ran on February 1, 2018. Therefore, the time to file an opposition to the Defendants' Motion for Summary Judgment (ECF No. 58) has long since passed. However, Plaintiff shall have an extension of time to and including **Monday, April 22, 2019**, in which to file and serve his response to Defendants' Motion for Summary Judgment (ECF No. 58). **There shall be no further extensions granted barring unforeseen and extenuating circumstances**.

**IT IS SO ORDERED.**

DATED: March 6, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE