UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL V. MERRY,<br><br>    Plaintiff,<br><br>v.<br><br>BRIAN SANDOVAL, et al.,<br><br>    Defendants. | Case No.: 3:16-cv-00164-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 77 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' Motion for Attorneys' Fees and Costs. (ECF Nos. 77, 77-1 to 77-6, errata at ECF No. 78.) Plaintiff did not file a response.

After a thorough review, it is recommended that Defendants' motion be denied.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC). When he filed his original and first amended civil rights complaints under 42 U.S.C. § 1983, he was proceeding pro se. (ECF Nos. 4, 7.) He was granted in forma pauperis status. (*See* ECF No. 34.) He was represented by attorney Dan Winder, Esq., for a period of time, including for the filing of his second amended complaint (SAC). (ECF Nos. 12, 32.) Defendants filed their motion for summary judgment on November 16, 2018 (ECF No. 58), and Mr. Winder moved to withdraw as counsel for Plaintiff on November 26, 2018. (ECF No. 62.) The court granted the motion, and gave Plaintiff an extension of time to respond to the pending motion for summary judgment. (ECF No.

67.) Plaintiff was then given an additional twenty days to file his response. (ECF No. 69.) Plaintiff subsequently filed a motion for appointment of counsel (ECF No. 70), the court denied that motion, but gave Plaintiff another extension of time to file his response to the motion for summary judgment. (ECF No. 71.) Plaintiff failed to file a response.

The SAC alleged that defendants Dr. Karen Gedney, Dr. Marsha Johns, Dr. David Mar, and Caseworker Irvin were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment with respect to treatment of his neck condition. Specifically, he alleged that Irvin knew that he was precluded from a top bunk assignment, but gave him a top bunk anyway, and he subsequently fell from the bunk causing further injuries. He also averred that Dr. Gedney improperly delayed his visit to a neurosurgeon for four months; that Dr. Gedney delayed his recommended neck surgery for over a year; and that Drs. Gedney, Johns and Mar failed to follow the recommendations of the pain specialist.

It was recommended that summary judgment be granted in Defendants' favor because his first two Eighth Amendment claims against Irvin and Dr. Gedney were barred by the applicable statute of limitations, and as to the remaining claims, the evidence presented by Defendants (which went unrefuted by Plaintiff as he did not respond) did not demonstrate deliberate indifference. (ECF No. 73.) District Judge Du adopted and accepted the report and recommendation and judgment was entered in Defendants' favor. (ECF Nos. 74, 75.) Plaintiff filed a belated objection to the report and recommendation after judgment had been entered, and well outside the deadline for filing objections. (ECF No. 76.)

Several days later, Defendants filed this motion seeking attorneys' fees and costs, including expert costs, under Federal Rules of Civil Procedure 54 and 68, Local Rule 54-14, and 42 U.S.C. § 1988. Defendants assert that Plaintiff rejected Defendants' offer of judgment and Defendants

ultimately prevailed. They seek to recover fees and costs, including expert costs, in the amount of $40,212.50 ($23,325 in attorney's fees, $16,575 in expert witness fees, and $312.50 in costs).

## II. DISCUSSION

Defendants seek to recover costs under: (1) Federal Rule of Civil Procedure 68; (2) 42 U.S.C. § 1988; and, (3) Federal Rule of Civil Procedure 54(d). The court will discuss each argument, in turn.

**A. Rule 68 and the Offer of Judgment Protocol**

Federal Rule of Civil Procedure 68(a) provides that "a party defending against a claim may serve an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Under section (d) of the Rule, "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

Defendants they issued an offer of judgment to Plaintiff in the amount of $10,001, exclusive of attorney's fees and costs, on January 19, 2018. Plaintiff failed to respond, which they assert served as a rejection of the offer under the rule. Judgment was ultimately entered in favor of Defendants. Therefore, they contend they are entitled to recover attorney's fees, expert witness fees and costs incurred after the offer of judgment was made.

Defendants have incorrectly applied Rule 68 to this case. Section (d) of Rule 68 states that "[i]f *the judgment that the offeree finally obtains* is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Here, the offeree—the Plaintiff—did not obtain a judgment, let alone a judgment less favorable than the unaccepted offer. Instead, it was Defendants that obtained a judgment in their favor. Thus, Rule 68 has no effect. The Supreme Court addressed this issue in *Delta Air Lines, Inc. v. August,* 450 U.S. 346 (1981).

3

Specifically, the court considered "whether the words 'judgment finally obtained by the offeree" as used in [Rule 68] should be construed to encompass a judgment *against* the offeree as well as a judgment *in favor of* the offeree." 450 U.S. at 348 (emphasis original). In that case, the defendant submitted an offer of judgment which the plaintiff refused. The case went to trial and the plaintiff lost. The defendant sought costs incurred after the offer of judgment was refused. The court held that under Rule 68's plain language, the cost provision is triggered only by a judgment *obtained by the plaintiff*. *Id*. at 352. Where the *defendant* has obtained the judgment, the rule does not apply. The Supreme Court explained that this is consistent with the purpose of the rule which "provides an additional inducement to settle in those cases in which there is a strong probability that *the plaintiff* will obtain a judgment but the amount of recovery is certain." *Id*. (*emphasis added*).

Therefore, Defendants' request for an award of costs and fees under Rule 68 should be denied.

**B. Prevailing Party under 42 U.S.C. § 1988**

Defendants argue that they were the prevailing party, and that Plaintiff's claims were frivolous and groundless, which allows them to recover attorney's fees, expert witness fees and costs under 42 U.S.C. § 1988.

42 U.S.C. § 1988 provides that the court may, *in its discretion*, award reasonable attorney's fees (including expert fees) to the prevailing party in a section 1983 action. 42 U.S.C. § 1988(b), (c). There is no question here that Defendants were the prevailing party.

In *Hughes v. Rowe*, the Supreme Court held that a *defendant* that prevails in a section 1983 action may recover attorney's fees from the plaintiff only if there is a finding that the action was "frivolous, unreasonable or without foundation." 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) (holding the same for prevailing defendants seeking

to recover fees in an action brought under Title VII); *see also Kelly v. Wengler,* 822 F.3d 1085, 1099 (9th Cir. 2016) ("Section 1988 is asymmetrical, awarding attorney's fees to civil rights plaintiffs if they are prevailing parties, but awarding attorney's fees to prevailing civil rights defendants only if plaintiffs' claims are frivolous."). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes,* 449 U.S. at 14. "To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the [civil rights law]." *Christiansburg,* 434 U.S. at 422.

"[A]ttorney's fees should rarely be awarded against" uncounseled prisoners. *Hughes,* 449 U.S. at 15. The Ninth Circuit has likewise stressed that "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." *Saman v. Robbins,* 173 F.3d 1150, 1157 (9th Cir. 1999) (citation and quotation marks omitted).

The Ninth Circuit has instructed that relevant to the court's inquiry are "the financial resources of the plaintiff and the amount of costs in civil rights cases." *Stanley v. Univ. of So. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citations omitted). Courts are also to consider whether the imposition of high costs would have a chilling effect on future civil rights cases. *Id.* at 1080.

The court cannot conclude that Plaintiff's action, while ultimately unsuccessful, was frivolous, unreasonable or without foundation, so as to justify an award to Defendants under section 1988. The Supreme Court cautioned that in determining whether to award fees to a civil rights defendant, "it is important that the district court resist the understandable temptation to engage in post hac reasoning by concluding that, because plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg*, 434 U.S. at 421-22.

Here, the court concluded that Plaintiff's first two Eighth Amendment claims were barred by the applicable statute of limitations, and did not consider the merits of those claims. (*See* ECF No. 73 at 7-8.) The Supreme Court has cautioned that "[a]n unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes*, 449 U.S. at 15.

The remaining two claims were addressed on their merits. The medical evidence submitted by Defendants demonstrated that the Defendants were not deliberately indifferent to Plaintiff's serious medical needs. Defendants' motion acknowledges that Plaintiff's action ultimately presented a "straightforward 'difference of medical opinion' scenario." (ECF No. 77 at 5:22.) Plaintiff disagreed with the course of his medical care, and claimed there was an unreasonable delay, and that certain recommendations concerning pain management were ignored. A difference of opinion regarding the course of treatment *may* rise to the level of deliberate indifference if it is shown that the decisions were made in conscious disregard to Plaintiff's health. It is clear that Plaintiff believed this was the case, even if the evidence ultimately demonstrated otherwise.

Moreover, the fact that Defendants extended an offer of judgment in the amount of $10,001 in public funds belies their current contention that the case was frivolous or unfounded.

Finally, this in forma pauperis Plaintiff has no resources from which to pay such an award. Further, requiring a pro se, in forma pauperis inmate plaintiff to pay a large amount in fees and costs would certainly have the effect of deterring others from filing important Eighth Amendment cases.

Under these circumstances, the court cannot conclude the action was frivolous, unreasonable or without foundation. The Supreme Court has made it clear that attorney's fees

should be awarded to civil rights defendants only in *exceptional* circumstances, and the court does not find that this presents an exceptional case.

Therefore, it is recommended that Defendants' request for fees under section 1988 should be denied.

**C. Federal Rule of Civil Procedure 54(d)**

Defendants' argument in requesting fees centers on Rule 68 and their offer for judgment and 42 U.S.C. § 1988; however, they do briefly reference Federal Rule of Civil Procedure 54(d), and submit a bill of costs seeking to recover $312.50. (ECF No. 77-6.) That amount consists of costs to copy 585 pages of exhibits attached to Defendants' motion for summary judgment at $0.50 a page for a total of $292.50. In addition, they seek to recover $20 in docket fees under 28 U.S.C. § 1923.

Rule 54(d) states that "costs—other than attorney's fees—should be allowed to the prevailing party" unless a federal statute, the rules or court order provide otherwise. Congress has set the types of costs that are taxable by statute. *See* 28 U.S.C. § 1920.[1]

"Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford*, 482 U.S. at 442; *Draper v. Rosario,* 836 F.3d 1072, 1087 (9th Cir. 2016) (quoting *Association of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc)). Reasons for denying costs include: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity

---

[1] Defendants do not appear to ask for expert witness fees under Rule 54(d), but the court nevertheless points out that expert witness fees are generally not taxable under Rule 54(d) and 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 445 (1987).

7

between the parties. *Id.* (quoting *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247-48 (9th Cir. 2014)). This is not an exhaustive list of factors. *Id.*

In *Draper*, the Ninth Circuit found the factors weighed against imposing a large cost award. The court found the case had substantial public importance because Eighth Amendment cases are important to safeguarding the rights and safety of prisoners. That case was close. In addition, the court found that a large award could chill similar lawsuits. The court explained that litigants in these types of cases "have virtually no resources," and "[e]ven those with meritorious cases may choose not to risk an unsuccessful lawsuit that could add to the fees and costs associated with conviction and imprisonment." *Id*. The inmate plaintiff had no resources and was proceeding in forma pauperis, and represented himself in litigation until he had appointed pro bono counsel. There was "no comparison" between the plaintiff and his limited resources and those of the State of California. *Draper* also pointed out that "district courts have routinely declined to award costs against prisoners proceeding in forma pauperis under similar circumstances, citing potential chilling effects." *Id*. at 1088-89 (citing *Baltimore v. Higgins,* No. 1:10-cv-00931-LIO, 2014 WL 804463, at *2 (E.D. Cal. Feb. 27, 2014); *Meeks v. Parsons*, No. 1:03-cv-6700 OWW, 2010 WL 2867847, at *2 (E.D. Cal. July 21, 2010); *Jiminez v. Sambrano*, No. 04CV1833 L, 2009 WL 937042, at *1 (S.D. Cal. Apr. 6, 2009)).

Here, Eighth Amendment medical care cases have substantial public importance as they provide sometimes the only mechanism for an afflicted prisoner to challenge the medical care he is being provided in the institution. Admittedly, this was not a close case, at least in the sense that the Plaintiff did not respond to the motion. Plaintiff was granted in forma pauperis status and has virtually no resources with which to pay a costs bill. Forcing an inmate plaintiff to pay a costs bill that he undoubtedly does not have the resources to pay would certainly have a chilling effect on

those bringing Eighth Amendment medical care claims. While Plaintiff had counsel for a period of time, he represented himself for a good portion of this litigation, and importantly, he was without counsel when he was tasked with responding to the pending motion for summary judgment. Finally, there is certainly great economic disparity between him and the State of Nevada, that bore the costs of defense in this case.

The majority of the factors weigh against imposing costs against this pro se, in forma pauperis inmate Plaintiff. Therefore, the court recommends that discretion be exercised to deny an award of costs under Rule 54(d).

**D. Conclusion**

For the foregoing reasons, the court finds that Defendants' motion for attorneys' fees and costs should be denied under Rule 68, 42 U.S.C. § 1988, as well as Rule 54(d).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Defendants' Motion for Attorneys' Fees and Costs (ECF No. 77).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: November 8, 2019.

_____
William G. Cobb
United States Magistrate Judge